No. 17,932.

TRUSTEE COMPANY *v.* AETNA CASUALTY AND SURETY COMPANY.
(310 P. [2d] 727)

Decided April 15, 1957.   Rehearing denied May 20, 1957.

Mr. J. R. STRICKLAND, Mr. FRANK L. HAYES, for plaintiff in error.

Mr. JOHN P. BECK, for defendant in error.

*In Department.*

MR. JUSTICE HALL delivered the opinion of the Court.

PLAINTIFF in error, referred to herein as *plaintiff,* holds an unsatisfied judgment in the amount of $1500.03 against Ellsworth-Bond & Company, Inc., a Kansas corporation, referred to herein as *defendant.* In an effort to collect its judgment, plaintiff caused a garnishee summons to be served on the defendant in error to whom we will refer as *garnishee.*

To the interrogatories attached to the summons garnishee answered as follows: (1) Garnishee is not indebted to defendant. (2) Garnishee does not have in its possession or control any property in which the defendant has an interest. (3) Garnishee does not know of any property belonging to the defendant. To these answers of the garnishee plaintiff filed its "Traverse of Answer of Garnishee," the material allegations of such traverse being as follows:

The garnishee had issued to defendant its "blanket position bond" whereby garnishee had agreed to indemnify defendant against any loss of money or property which defendant shall sustain through any fraudulent or dishonest acts of any of its employees; that during the time said bond was in effect G. E. Pinson, president, director and employee of defendant, "unlawfully and without knowledge or consent of said defendant

corporation, appropriated unto himself and stole away from defendant corporation its property consisting of one 1954 Lincoln sedan of the reasonable value at the time of said removal of the sum of $2500.00." That the garnishee is indebted to defendant under said bond in the amount of $2,000.00.

Trial was to the court on the issues as made by the garnishee's answer and the traverse thereto. The trial court made no specific findings of fact, but did enter a final judgment as follows:

" * * * doth find the issues in favor of garnishee, Aetna Casualty & Surety Company.

"It is ordered, adjudged and decreed by the Court that said traverse of answer of garnishee * * * be, and hereby is, dismissed."

To review this judgment of dismissal plaintiff is here on writ of error.

Plaintiff's counsel state that the evidence is not in conflict and for the most part this is true. We find, however, that the evidence is in hopeless conflict on a most vital point — the question of the ownership of the Lincoln car.

Plaintiff's witness, Roberts, former bookkeeper and director of defendant, Ellsworth-Bond & Company, Inc., of 5019 East Colfax, Denver, Colorado, testified that the Lincoln was purchased by defendant, paid for by defendant, and certificate of title issued to defendant whereas garnishee's Exhibit 1, being a photostat copy of the original certificate of title, admitted in evidence without objection, shows that the Lincoln was purchased by Bond & Company and the original certificate of title issued to Bond & Company of 10525 Montview Blvd., Denver, Colorado. The reverse of this exhibit shows that on June 25, 1954, *Bond & Co. by G. E. Pinson* assigned the title to this Lincoln to Garford E. Pinson. This certificate of title issued by the State of Colorado (Garnishee's Exhibit 1) is in direct conflict with Roberts' testimony that the title was issued to Ellsworth-

Bond & Company, Inc. We conclude that the record fails to show that title to the Lincoln ever stood in the name of Ellsworth-Bond & Company, Inc.

It may be that Ellsworth-Bond & Company, Inc., is the same legal entity as Bond & Company. If so there is nothing in the record to so indicate and much to indicate the contrary. All of plaintiff's testimony and exhibits, including the bond on which plaintiff bases its claim, show the address of Ellsworth-Bond & Company, Inc., to be 5018 East Colfax, Denver, Colorado, whereas the certificate of title issued to Bond & Company shows its address to be 10525 Montview Blvd., Denver, Colo.

Lack of identity of the two companies is further highlighted by the following testimony presented by plaintiff's counsel:

"Q. Who was G. E. Pinson? A. He was president of Bond & Company. Q. Did he also own stock in Ellsworth-Bond & Company? A. Yes, ninety-eight per cent."

\* \* \*

"Q. Now, Mr. Roberts, you had previously testified that you were the bookkeeper for Ellsworth-Bond & Company throughout this period (the period referred to includes March 1955). Now, were you likewise the bookkeeper for Bond & Company in March of 1955? A. Yes, Sir."

Were we inclined to go beyond the record and resort to conjecture and surmise, which we are not, the facts above related would preclude any assumption or conclusion that Ellsworth-Bond & Company and Bond & Company are one and the same corporate entity.

Title to the Lincoln never having stood in the name of Ellsworth-Bond & Company, Inc., it could not be stolen from or lost to Ellsworth-Bond & Company as contemplated in the bond issued by the garnishee, by which it agreed to indemnify *Ellsworth-Bond & Company, Inc., for the loss of its property* by fraud or dishonesty of its employees.

Were we to accept all of plaintiff's testimony as true

and without conflict, still it cannot prevail for the reason that the record fails to disclose that defendant has *lost* any property as contemplated by the bond.

■ Plaintiff proved that title to the Lincoln was transferred to Pinson on June 25, 1954. There can be no recovery on the bond for this transaction since the bond was not effective until August 6, 1954.

Plaintiff proved that on March 17, 1955, Pinson, President and employee of Ellsworth-Bond & Company, packed his bags in the Lincoln and with the *knowledge and consent of the Company* started for Florida on *Company business.* At the time of the trial he had not returned to Denver, was still in Florida, had the car in his possession in that state and claimed it as his own.

The record does not show that defendant has *lost* any property subsequent to the effective date of the bond, if at all.

■ It is elementary that one who steals or converts property to his own use does not thereby acquire title thereto. Had defendant owned the Lincoln automobile, and had Pinson transferred title thereto from himself to a bona fide purchaser, as he could have done and might do by virtue of his alleged unlawful act in having title put in his own name, then it might be said the defendant had lost its property. This Pinson has not done. If defendant was and is the owner of the Lincoln it can regain possession by replevin; if the title obtained by Pinson is the result of fraud, a remedy lies in a proper proceeding.

The judgment here does not preclude the defendant from asserting its claim against Pinson for the automobile; nor does it preclude defendant from proceeding against the garnishee on its bond.

The finding and judgment of the trial court is affirmed.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE FRANTZ and MR. JUSTICE HOLLAND concur.