## No. C-1017

## Cal Leonard Stewart v. The People of the State of Colorado

(566 P.2d 1069)

Decided July 25, 1977.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Dorian E. Welch, Deputy, for petitioner.

J. D. MacFarlane, Attorney General, Jean E. Dubofsky, Deputy, Edward G. Donovan, Solicitor General, Robert C. Lehnert, Assistant, for respondent.

*En Banc.*

MR. JUSTICE GROVES delivered the opinion of the Court.

We here have under review the opinion in *People v. Stewart*, 38 Colo. App. 6, 553 P.2d 74. The petitioner had been arrested and money on his person was placed in custody. The trial court entered an order, the effect of which was that no money would be returned to the petitioner. The court of appeals affirmed. We affirm, but solely on the narrow ground that the petitioner did not and does not have standing to complain concerning the trial court's ruling.

The petitioner was charged with forgery of checks in the amount of $460. At the time of his arrest he had in his possession the sum of $1172.11, of which the sheriff's office took custody. He pled guilty to second-degree forgery of these checks. The district attorney filed a "motion for restitution" in which he stated that his office was in receipt of numerous checks of a similar nature passed by the petitioner.

The trial court ordered that, of the money so held in custody, $460 was to be paid to the victim of the forgeries as to which the petitioner was prosecuted; and that the remainder of $711.12 should be paid as restitution "to the victims of other checks" tendered to the court. These "victims" were designated, together with the amount of each check involved. "Restitution" was to be made proportionately to the amounts of the respective checks. These "other checks" were in the aggregate amount of $1212. There was no prosecution with respect to any of them.

The petitioner concedes that the order was correct insofar as it related to the restitution of the sum of $460. He has maintained throughout that he is entitled to repayment of the amount of $712.11.

As was stated in *Trustee Company v. Aetna Co.*, 135 Colo. 236, 310 P.2d 727 (1957), "It is elementary that one who steals or converts property to his own use does not thereby acquire title thereto." The trial court found that the money in the possession of the petitioner at the time of his arrest "was the fruits of unlawful activity being conducted by the [petitioner]." The petitioner, not being entitled to any of the money, has not had and does not have standing to claim the money nor to object to the disposition of it.

Judgment affirmed.

MR. CHIEF JUSTICE PRINGLE specially concurs.

MR. JUSTICE LEE, MR. JUSTICE ERICKSON and MR. JUSTICE CARRIGAN dissent.

MR. CHIEF JUSTICE PRINGLE specially concurring:

I would point out that the only relief requested by the defendant here is to recover the $712.11 which was in *custodia legis*. The trial court found that this money was obtained by the defendant as a result of illegal activity. I agree with the majority opinion that a thief has no standing in court to recover the fruits of his crimes.

MR. JUSTICE CARRIGAN dissenting:

I respectfully dissent.

When arrested, the defendant had $1,172.11 in cash in his possession. On December 19, 1974, he pleaded guilty to having forged two checks for a total of $460. He did not contest his obligation to repay that $460 since it constituted the fruits of the criminal episodes under consideration by the court.

The court, however, distributed the entire balance, after deducting the $460, to persons who had allegedly lost money through seven other checks, six of which had been written in 1971. None of these seven checks formed the basis of any civil or criminal action pending before the court and there was no evidence that any of the funds possessed by the defendant when arrested derived from the 1971 checks. The defendant claimed that his wife had given him $700. Nevertheless, the court confiscated all the money the defendant had when arrested and ordered that it be distributed to the victims of the previously forged checks.

In my view the district court had no jurisdiction to order forfeiture and redistribution of the money in excess of the $460 involved in the case before it. Due process not only for the defendant, but for his wife and others who might have claims against the funds, requires an orderly procedure for determining ownership of the money. Even assuming that all the funds derived from crime, there is no justification for repaying the victim of a 1971 crime with money taken from the victim of a 1974 crime.

I am authorized to state that MR. JUSTICE LEE and MR. JUSTICE ERICKSON join in this dissent.