## No. 27398

**The People of the State of Colorado v. Delbert E. Angerstein and George J. Stubbs**

(572 P.2d 479)

Decided December 19, 1977.

Nolan L. Brown, District Attorney, T. W. Norman, Deputy, for plaintiff-appellant.

Rollie R. Rogers, State Public Defender, James F. Dumas, Jr., Chief Deputy, Dorian E. Welch, Deputy, Lee Belstock, Deputy, for defendants-appellees.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

The People appeal a ruling by the trial court denying a motion to destroy property and granting the appellees' motion for a return of their property. We reverse the ruling of the trial court.

Appellees, Delbert E. Angerstein and George J. Stubbs, pled guilty to charges of first-degree burglary arising out of their aborted burglary of the Bear Creek High School in Jefferson County on March 21, 1975.[1]

---

[1] Section 18-4-202(1), C.R.S. 1973.

On June 10, 1976, the People filed a motion to destroy the property seized during the arrest of the appellees. The appellees filed a counter motion for return of the property.[2] The trial court held that only those articles which were "fruits of the crime" in which the appellees were involved could be withheld from the appellees.

This is a case of first impression in this jurisdiction. Colorado does not have a general forfeiture statute which is applicable to personal property possessed or used in connection with criminal activity.[3] It does have, however, forfeiture statutes applicable to a few specific situations.[4]

We agree with the trial court that the appellees are not entitled to the return of property which they have stolen. The appellees do not challenge this ruling. *Stewart v. People*, 193 Colo. 399, 566 P.2d 1069 (1977); *Trustee Company v. Aetna Co.*, 135 Colo. 236, 310 P.2d 727 (1957). The People contend that property used to commit a crime or which is usable in possible future criminal activity, which has been lawfully seized, is a proper subject of forfeiture.

This formulation of the rule requires close scrutiny in view of the Fifth and Fourteenth Amendments, which command that no person shall be deprived of property without due process of law.

It has always been public policy that forfeitures are not favored in the law, and they may be enforced "only when within the letter and *spirit* of the law." (emphasis added). *United States v. One 1936 Model*

---

[2] The appeal concerns the property that the appellees brought with them when they burglarized the school. The appellees concede that they are not entitled to the return of any property in their possession that was stolen from the school or items that were evidently the product of earlier burglaries.

The parties have agreed that the property subject to this appeal consists of:

(1) Two cartridge belts containing shotgun shells and .22 caliber ammunition, additional .22 shells in boxes, and an empty handgun holster, which were found on appellee Stubbs;

(2) A purple ski mask found near Stubbs;

(3) A flashlight found on Angerstein;

(4) Two brief cases containing, *inter alia*, "various tools"; a homemade device designed to listen to lock tumblers; an "ever-ready" battery; a bank bag; socket wrench; batteries; electrician's tape; a box of BB's; screw drivers; wire cutters; a razor knife; a hand drill; a rope ladder; chisels; drill bits; saws; crowbars; a hatchet; an electric drill; a glass cutter; rubber gloves and electrical wire; and

(5) Found in appellees' car after a valid search: ammunition; a police radio scanner; a transceiver; brown coveralls; electrician's tape; tools; and a brief case hollowed out to hold guns.

[3] *See, e.g.*, R.I. Gen. Laws 1956 (1969 Reenact.) section 12-5-7; Ill. Rev. Stat. (1969), ch. 38, par. 108-2.

[4] *See, e.g.*, section 12-22-316, C.R.S. 1973, confiscation and destruction of unlawfully possessed narcotic drugs; section 16-13-301, *et seq.*, C.R.S. 1973, destruction or sale of property which meets the statutory definition of "public nuisance"; section 18-10-104, C.R.S. 1973, confiscation and destruction of gambling devices, records and proceeds; section 33-6-137, C.R.S. 1973, abatement as public nuisance for illegally used seines, nets, traps, etc.; section 35-9-110, C.R.S. 1973, confiscation of adulterated or misbranded pesticides.

*Ford*, 307 U.S. 219, 59 S.Ct. 861, 83 L.Ed. 1249 (1938); *Bramble v. Kleindeinst*, 357 F. Supp. 1028 (D. Colo. 1968), *aff'd sub nom.*; *Bramble v. Richardson*, 498 F.2d 968 (10th Cir.), *cert. denied*, 419 U.S. 1069, 95 S.Ct. 656, 42 L.Ed.2d 665 (1974).

██ There is no question that the property had been legally seized since it was taken incident to a lawful arrest. Property may be seized by the execution of a valid search warrant or without a warrant under certain well known exceptions, such as here. Crim. P. 41 authorizes the seizure of property which is designed or intended for use or has been used as a means of committing a criminal offense, or the possession of which is illegal. In recognition of the due process requirement, Crim. P. 41(e) provides that an aggrieved person may move the district court for the return of the seized property where the seizure was illegal.[5]

██ While the rule does not specifically provide for the procedure to be followed where the seizure is a legal one, we now hold that if property is legally seized and it falls into the delineated categories, *i.e.*, designed or intended for use as a means of committing a criminal offense or the possession of which is illegal, there is no right to have it returned. Support for this proposition is found in section 18-4-205, C.R.S. 1973. This section makes it a felony to possess:

"any explosive, tool, instrument, or other article adapted, designed, or commonly used for committing or facilitating the commission of an offense involving forcible entry into premises or theft by a physical taking. . . ."

Burglar tools are by definition contraband.

██ As indicated above, the state in the exercise of its police power may appropriate, without compensation,[6] property employed in the commission of a crime in order to prevent the continuance of unlawful activity. It is not reasonable to assume that the General Assembly intended by section 18-4-205 to permit convicted burglars to retain the tools of their trade. The repossession of such property by the appellees would automatically expose them to the charge of possession of burglar tools. Also, returning the contraband to the appellees would frustrate the express public policy of this state proscribing the possession of such objects. *One Plymouth Sedan v. Pennsylvania*, 380 U.S. 693, 699, 85 S.Ct. 1246, 1250, 14 L.Ed.2d 170, 174 (1965); *see also, United States v. Jeffers*, 342 U.S. 48, 72 S.Ct. 93, 96 L.Ed. 59 (1951).

██ We reverse the ruling under review and remand the cause to the trial court with directions to hold an evidentiary hearing to determine which, if any, of the items of property seized from the appellees are

---

[5] *See People v. Henry*, 173 Colo. 523, 482 P.2d 357 (1971).
[6] *Supra*, note 4.

"burglar tools" within the contemplation of section 18-4-205. Any item which falls into the burglar tools category should not be returned to them.

The ruling of the trial court is reversed and the cause is remanded with directions to proceed consonant with the views expressed herein.

MR. JUSTICE GROVES AND MR. JUSTICE ERICKSON do not participate.