Mr. Paul Q. Beacom District Attorney Seventeenth Judicial District 450 South Fourth Avenue Brighton, Colorado 80601
Dear Mr. Beacom:
I am writing in response to a letter dated May 20, 1980 from Marc P. Mishkin, deputy district attorney in your office. Mr. Mishkin requests an opinion concerning the disposition of contraband seized from massage parlors.
QUESTION PRESENTED AND CONCLUSION
Your question is whether contraband seized from massage parlors may be returned to the seizing agency for use in official police business, or whether such property must be sold and the proceeds turned over to the state general fund.
 It is my opinion that the district court which has jurisdiction over the forfeited property has discretion to dispose of such property in either of the two manners which you have proposed.
ANALYSIS
It is my understanding that the property in question has previously been declared forfeited to the state and your questions concern only the ultimate disposition of such forfeited property. The Colorado Massage Parlor Code, article 48.5 of title 12, C.R.S. 1973, does not itself provide for forfeiture of property to the state. There appear to be two ways in which such property would be declared forfeit: (1) in an action to abate a class 1 public nuisance pursuant to C.R.S. 1973, 16-13-301et seq.; or (2) as either the fruit or instrumentalities of a crime.
In an action to abate a class 1 public nuisance, certain personal property is subject to seizure, confiscation and forfeiture as provided by C.R.S. 1973, 16-13-303. The court in which such action is filed has statutory authority to order the sale of forfeit property and payment of any proceeds, after payment of costs of the sale, to the state general fund. Alternatively the court may dispose of such property in the following manner: "if it finds it can be used by the agency which seized it, order it delivered to the agency for such use." C.R.S. 1973, 16-13-311(3).
Colorado does not have a general forfeiture statute applicable to personal property recovered in connection with a crime, although statutes do provide for forfeiture in certain specific circumstances, such as abatement of a class 1 public nuisance. Other examples are discussed below. The Colorado Supreme Court has held, however, that property obtained through criminal activity or used to commit a criminal offense, is forfeited to the state even in the absence of statutory provision.People v. Angerstein, 194 Colo. 376, 572 P.2d 479
(1977); Stewart v. People, 193 Colo. 399, 566 P.2d 1069
(1977).
The cases establishing that fruits and instrumentalities of crime are forfeit, do not discuss how the state should dispose of the forfeited property. Examination of specific statutory provisions governing disposition of other types of forfeited property reveals that the legislature has given some discretion to the courts concerning disposition. For example: (1) narcotic drugs are to be destroyed but a court may order certain narcotics be provided to the Department of Health upon request (C.R.S. 1973,12-22-316); (2) illegal liquor is subject to destruction or sale as a court may direct (C.R.S. 1973, 12-47-133); (3) condemned pesticides are subject to destruction or sale, as the court may order (C.R.S. 1973, 35-9-110); (4) gambling devices are contraband and subject to destruction while gambling proceeds are to be transmitted to the general fund. (C.R.S. 1973, 18-10-104.)
In Stewart v. People, supra, a district court decision allowing proceeds of forged checks to be used for restitution of victims of the forger, was allowed to stand. While the Colorado Supreme Court did not expressly approve that manner of disposition of forfeited property, neither did it reverse that exercise of discretion by the district court.
In the absence of an express statutory provision for disposition of forfeited property, it appears that a court has discretion either to order the property sold or to permit the seizing agency to retain the property if it has a use for it. Money received from the sale of forfeited property or otherwise accruing to the state should be transmitted to the state treasurer. C.R.S. 1973,24-36-103(1).
SUMMARY
Therefore, it is my opinion that application should be made to the court with jurisdiction over the forfeited property discussed in your letter. That court may exercise its discretion to order sale of the property and remission of the proceeds to the state treasury or permit use of the property by the seizing agency.
If you have additional questions concerning this matter please do not hesitate to contact me.
Very truly yours,
 J.D. MacFARLANE Attorney General
PROSECUTORS CONTRABAND SEARCH AND SEIZURE
C.R.S. 1973, 12-48.5-101
C.R.S. 1973, 16-13-301
C.R.S. 1973, 16-13-303
C.R.S. 1973, 16-13-311(3)
DISTRICT ATTORNEYS DEPT. Commerce City DA
Contraband seized from massage parlors may either be returned to the seizing agency for use in official police business or sold and the proceeds turned over to the state general fund. Application must be made to the district court which has jurisdiction over the contraband and which has discretion to order disposal in either manner.