**STATE of South Dakota, Plaintiff,**

v.

**William R. CODY, a/k/a William Weeks, Defendant and Appellant.**

No. 13687.

Supreme Court of South Dakota.

Considered on Briefs May 20, 1982.

Decided July 14, 1982.

Scott C. Petersen of McFarland & Petersen, Sioux Falls, for defendant and appellant.

John J. Simpson, Winner, for appellee-claimant, Estate of E. H. Brown.

HENDERSON, Justice.

### ACTION

Appellant William R. Cody appeals from the December 4, 1981, trial court order which directed the Tripp County Clerk of Courts to retain all currency in her possession ($12,916 per court documents) in the case of *State v. Cody*, 293 N.W.2d 440 (S.D. 1980), on which tests had been conducted as well as the consecutively-numbered $100 bills which totaled $10,000 until further di-

rected. The trial court's order also directed that the remainder of the currency in the clerk's possession ($86,585.75 per court documents), which had been introduced as evidence in the trial of Cody for the murder of Edmund H. Brown, be turned over to the estate of Brown, hereinafter designated as appellee-claimant. On February 19, 1982, this Court denied a motion made by the executrix of the Brown estate to dismiss appellant's appeal. Notwithstanding appellant and appellee-claimant being the principals in this appeal, all documents below are captioned "State of South Dakota vs. William R. Cody." The State has filed no brief herein. We affirm the decision of the trial court.

## HISTORY

On September 18, 1980, appellant was found guilty by a jury of premeditated murder. The trial was conducted before the same trial court who heard and determined this action. Appellant appealed from his conviction and said appeal is pending in this Court.

In the prosecution of this case, approximately $100,000 in currency was introduced as exhibits.[1] At trial, the evidence disclosed Brown's fingerprints on some of the money and of his ownership of certain specific bills, such as $1,000 bills and certain serially numbered $100 bills.

On May 15, 1981, in this ancillary proceeding now under review, appellee-claimant motioned for a release of all cash exhibits introduced as exhibits during the murder trial. A hearing on this motion was held on July 20, 1981. No testimonial evidence was given at this hearing. However, appellant and appellee-claimant both appeared by counsel and were directed to file briefs. This was accomplished. Considering all of the evidence and documents in the principal action, i.e., the murder prosecu-

tion,[2] the trial court subsequently entered its order granting in part the motion of appellee-claimant as specified above.

## ISSUE

Based upon SDCL ch. 23A–37 (Criminal Procedure), and upon all of the evidence, documents and files before it, did the trial court have the authority to determine the rightful owner of the money and order it to be returned? We hold that it did.

## DECISION

SDCL ch. 23A–37 deals with the disposition of seized property in a criminal prosecution. The pertinent statutes to this appeal are as follows:

[SDCL 23A–37–1] For the purposes of this chapter, "seized property" means all property seized with or without a warrant by any law enforcement officer.

[SDCL 23A–37–2] Seized property shall be safely kept and may not be taken from its custodian as long as it is required as evidence in any trial without an order of such court.

[SDCL 23A–37–4] Any person claiming the right to possession of such property may make application for its return in the office of the clerk of courts for the county in which it is being held.

[SDCL 23A–37–5] All claims for the return of seized property shall be set for a hearing which shall be held not less than five nor more than thirty days after the filing of the first claim.

[SDCL 23A–37–7] Money shall be restored to the owner unless it was used in unlawful gambling or lotteries in which case it shall be paid into the county treasury pursuant to § 16–2–31.

[SDCL 23A–37–8] The court shall return all property to its rightful owner, provided:

---

1. The State has photographed all of the money for evidentiary purposes, if so needed in the future.

2. Judicial notice may be taken of facts once judicially known. 31 C.J.S. Evidence § 10 (1964); *Carmack v. Fidelity-Bankers Trust Co.*, 180 Tenn. 571, 177 S.W.2d 351 (1944); *American Nat. Bank v. Bradford*, 28 Tenn.App. 239,

188 S.W.2d 971 (1945). A court may generally take judicial notice of its own records or prior proceedings in the same case and may take judicial notice of an original record in proceedings which are engrafted thereon or ancillary or supplementary thereto. 31 C.J.S. Evidence § 50(2) (1964).

(1) The owner is not prohibited by law from possessing such property;

(2) The owner has paid the necessary expenses for preservation and delivery;

(3) The property is not needed as evidence in any judicial proceeding;

(4) Satisfactory arrangements have been made to return such property to the court if subsequently needed as evidence.

Upon completion of the proceeding, the circuit court judge shall make arrangements for the return or disposition of all property used as evidence.

[SDCL 23A–37–12] The provisions of this chapter shall not be exclusive, but shall be supplemental to other laws on the subject. Unless otherwise provided by law, all other property shall be disposed of in such manner as the court shall direct.

Appellant contends that the trial court did not have the authority to determine the lawful owner of the cash in question. Despite the various provisions of SDCL ch. 23A–37, nowhere in that chapter, argues appellant, does it specifically state that the trial court *shall determine who* is the owner of the disputed property. Rather, contends appellant, only pursuant to a *civil* action can the lawful owner be properly determined. We disagree. Appellant cites various authorities in regard to his contention. We find these authorities distinguishable and unpersuasive in light of the express statutory provisions pertaining to seized property. Appellant urges further that by the statutes authorizing that "money shall be restored to the owner" and "the court shall return all property to its rightful owner," the court is limited to restoring and returning but not determining. We disagree. Implicit in SDCL 23A–37–8 is the authority of the trial court to determine the

rightful owner of seized property. It would be nonsensical to give a court the power to restore and return seized property, yet deny it the right to determine ownership.

Under SDCL 23A–37–5, the litigants had the right to present evidence of ownership in addition to or other than that presented in the criminal prosecution. Appellant can hardly be heard to complain that he has been denied his day in court when he failed to come forward with any evidence on the hearing date to establish ownership of the money in question.[3] Moreover, appellant filed no application with the clerk of courts claiming the right to possession under SDCL 23A–37–4.

We hold that SDCL ch. 23A–37 was enacted by the Legislature to engraft within the criminal law a plain, speedy and adequate remedy to determine the rightful owner of seized property and to thereafter order that it be returned or restored unto that person. SDCL ch. 23A–37 expressly envisions factual situations where a seizure by authorities of property in conjunction with a crime has occurred and, by way of a subsequent conviction or acquittal, the ownership of the seized property must be determined. *See* SDCL ch. 23A–37–1. Of course, the ownership determination under SDCL ch. 23A–37 is not to be made if the property is still required as evidence. *See* SDCL 23A–37–2. Adequate safeguards of a due process hearing are contained within SDCL ch. 23A–37 and the record bears out that these safeguards were satisfied.

Affirmed.

All the Justices concur.

---

3. Prior to the hearing, however, a set of interrogatories was served upon appellee-claimant by appellant. Answers were filed thereto which included a certified copy of "Judgment by Default, Findings of Fact, Conclusions of Law" issued from the Eighth Judicial District Court of the State of Nevada, in and for the County of Clark, adjudicating a judgment in favor of appellee-claimant and against appellant in the sum of $118,930. The subject of that lawsuit is the same as the subject of this proceeding. The trial court did not, however, allude to this document in its order. Rather, the trial court grounded its decision upon the statutory provisions set forth above. We are not called upon to decide the legality of the Nevada judgment and hence do not do so.