The **PEOPLE** of the State of Colorado, Plaintiff-Appellee,

v.

Stephen **WARD**, Defendant-Appellant.

No. 83CA0150.

Colorado Court of Appeals,
Div. II.

March 8, 1984.

Rehearing Denied April 5, 1984.

Certiorari Denied Aug. 7, 1984.

and § 24–51–607(5), C.R.S. (1982 Repl.Vol. 10).

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Marie Volk Bahr, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Norman R. Mueller, Sp. Deputy State Public Defender, Denver, for defendant-appellant.

KELLY, Judge.

The defendant, Stephen Ward, appeals from the trial court's order denying his motion for return of seized property. We affirm.

The defendant and his roommate, Richard Silverstein, were selling controlled substances out of their apartment. Following a sale of cocaine to undercover agents, the defendant was arrested. Pursuant to plea negotiations, he subsequently pleaded guilty to conspiracy.

At the time of his arrest, and pursuant to a search warrant, a large quantity of controlled substances was seized. In addition, $1,147.93 in currency was seized from the defendant's person, including $620 used by the agents in making their purchase; $4,990 in currency was seized from a pillow case located under the defendant's waterbed mattress; and $32.43 in currency was seized from the headboard of the defendant's bed. Also seized was $505.10 in currency from the person of Silverstein. While his case was pending, the defendant filed a motion for return of property and the prosecution filed a motion for forfeiture of the seized money.

 Initially, we note that to the extent that the defendant attempted to seek return of the money seized from Silverstein he had no standing to do so. In addition, he was in no way entitled to claim the $620 he received as payment for the cocaine.

At the hearing on the motions, following the defendant's plea of guilty, he testified that he was continuously over his head in debt and that $5,000 of the seized money represented loans to him of $500 from his sister, $1,500 from his aunt, and $3,000 from Silverstein. He further testified that he and Silverstein had entered into a partnership and that part of the agreement was that Silverstein would lend him money.

On cross-examination the defendant testified that his sole employment for the two months preceding his arrest was selling drugs, that the partnership was engaged in the sale of drugs, that all of the drugs he had were "on front," *i.e.*, that he owed his suppliers for them, and that, at the time of his arrest, he had on the premises less than half a pound of cocaine, approximately three pounds of marijuana, and 4,000 "hits" of LSD which he sold for $1,200 per thousand. He also testified that 6,000 hits of LSD had been stolen from him, for which he owed a considerable amount of money. In response to the question: "It is your statement that the money you had was for the purchase of drugs or money that you were going to front for the purchase of drugs," the defendant stated, "I had to pay money back, and I had to pay everybody else back."

Based on the defendant's testimony, information in the presentence report, and a letter from the defendant to the court, the court found that the seized money was either loaned money to pay off a supplier or money which the defendant had received from selling drugs, a portion of which would have to be paid back for the drugs that had been fronted to him. Finding that the money "was money in commercial transactions, dealings with drugs," the court denied the defendant's motion for return and ordered the money forfeited.

On appeal, the defendant contends that the court erred in denying his motion. We disagree.

 Once a defendant has made a *prima facie* showing of ownership of the seized property, *see People v. Buggs*, 631 P.2d 1200 (Colo.App.1981), the burden shifts to the prosecution to show that the property was the fruit of an illegal activity, *see People v. Stewart*, 38 Colo.App. 6, 553

P.2d 74 (1976), *aff'd on other grounds,* 193 Colo. 399, 566 P.2d 1069 (1977), or to show a connection between the seized property and criminal activity. *See People v. Bustam,* 641 P.2d 968 (Colo.1982).

Here, the defendant's own testimony supports a finding that the seized money was either proceeds from his drug dealings or was money which would be used to pay off substantial debts he owed to his supplier. With regard to his argument that $5,000 of the money represented loans to him, money obtained legally for use for illegal purposes is equally as tainted as money received from the conduct of illegal activities. *See People v. Angerstein,* 194 Colo. 376, 572 P.2d 479 (1977). The court's finding that there was a sufficient nexus between the seized money and the defendant's drug dealing activities is supported by substantial evidence and the inferences to be drawn therefrom and is, therefore, binding on review. *See People v. Stewart, supra.*

Order affirmed.

BERMAN and BABCOCK, JJ., concur.