**The PEOPLE of the State of Colorado, Plaintiff-Appellee,**

**v.**

**Alonzo BUGGS, Defendant-Appellant.**

**No. 80CA0661.**

Colorado Court of Appeals, Div. I.

July 9, 1981.

Robert M. Brown, Deputy Dist. Atty., Colorado Springs, for plaintiff-appellee.

J. Gregory Walta, Colorado State Public Defender, Philip A. Cherner, Deputy State Public Defender, Denver, Dana L. Larson, Littleton, for defendant-appellant.

COYTE, Judge.

Defendant, Alonzo Buggs, appeals the order of the trial court denying his motion for return of seized property. We reverse.

After defendant's conviction of aggravated robbery and conspiracy, he filed a pro se verified motion seeking return of certain jewelry and money, which he alleged had been taken from him at the time of his arrest. At a hearing on the motion, defendant appeared with counsel, who claimed that there was evidence in the record of defendant's trial that some money was taken from defendant at the time of his arrest, although counsel admitted that he had not examined the record. Other than the verified motion, defendant introduced no documentary or testimonial evidence that the property was seized from him. The state introduced no evidence and made no claims regarding the issues made by defendant's motion. The trial court dismissed defendant's motion ruling that he had failed to make a showing in support of his motion. In its order denying defendant's motion for reconsideration, the trial court indicated that this property has been transferred to another county where other criminal charges have been filed against defendant.

Defendant has the burden of making a prima facie showing that goods were seized from him at the time of his arrest and were being held by law enforcement authorities. *See Butin v. Rothman*, 135 Colo. 477, 312 P.2d 783 (1957). The issue here is whether a verified motion for return of seized property is sufficient to meet defendant's burden. We conclude that it is.

It is fundamental to the integrity of the criminal justice system that seized property against which the government has no claim must be returned to its lawful owner. *U. S. v. Wilson*, 540 F.2d 1100 (D.C.Cir. 1976), and evidence of seizure from a defendant is prima facie evidence of ownership of the property in that defendant. *U. S. v. Wright*, 610 F.2d 930 (D.C.Cir.1979).

Here, defendant's verified motion was in effect supported by an affidavit, 60 *C.J.S. Motions* § 22, which is permitted under Crim.P. 47. Although a verified motion is not always self-proving, here the court should have considered the statements in the motion as prima facie evidence of the facts asserted therein. If the prosecutor disagreed with the statements, he should have submitted evidence to refute the allegations contained within the verified motion or evidence justifying the people's retention of the seized property. *See People v. Lewis*, 183 Colo. 236, 516 P.2d 416 (1973); *Wheeler v. District Court*, 178 Colo. 320, 497 P.2d 695 (1972). *See also Ferris v. U. S.*, 501 F.Supp. 98 (D.Nev.1980). *See generally People v. Kros*, (Colo.App. No. 80CA0145, June 11, 1981) (not selected for official publication). Because the People failed to present any evidence disputing defendant's ownership of the claimed property, it should be returned to defendant.

The order is reversed and the cause is remanded with directions to the trial court to order the return of the property confiscated from defendant at the time of his arrest.

SMITH and VAN CISE, JJ., concur.