The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Edward RAUTENKRANZ, Defendant-Appellant.

No. 81CA0526.

Colorado Court of Appeals, Div. I.

Feb. 11, 1982.

J. D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Sol. Gen., Jeffrey Weinman, Asst. Atty. Gen., for plaintiff-appellee.

Robert C. Ozer, P. C., Robert C. Ozer, Conifer, for defendant-appellant.

318

SILVERSTEIN,* Judge.

Defendant appeals an order of the trial court which denied his motion for return of seized property. We reverse.

Pursuant to a search warrant, law enforcement officers seized various articles from the defendant, including a jeep and the tail section of a windmill. Defendant was charged with several counts of theft, possession of a vehicle with removed identification number, and misuse of license plates. Defendant pled guilty to one count of theft by receiving, not involving the jeep or the windmill tail, and all other charges were dismissed.

Thereafter, defendant filed a verified motion for return of the two items, alleging that he was the lawful owner thereof, and that there was no longer any ground for their continued retention. At the hearing on the motion, the People did not dispute defendant's ownership of the jeep but resisted its return on the grounds that it was contraband, and relative to the windmill tail, that it was owned by one Emery.

Although defendant was prepared to offer proof of his ownership of the items, and the People had a witness present to testify as to Emery's ownership, the court did not permit any evidence to be introduced. After lengthy argument the court ruled:

"(1) That the Sheriff of Park County, Colorado, has a duty to return property seized pursuant to a Search Warrant, or otherwise, to the lawful owner of such property.

(2) That the defendant's Motion for Return of Seized Property under this criminal action does not adequately inform parties who may have a claim to the property of the Court's actions. Therefore, the defendant's remedy is a civil action for the return of the property identified on the motion.

It is therefore ordered that the defendant's motion for Return of Seized Property be Denied."

Although it is true that the defendant may have a civil remedy, nevertheless, the procedure he elected to pursue was proper. In ruling on the same issue as here, the court in *United States v. Wilson*, 540 F.2d 1100 (D.C.Cir.1976), stated:

"We hold that the district court, once its need for the property has terminated, has both the jurisdiction and the duty to return the contested property here regardless and independently of the validity or invalidity of the underlying search and seizure .... It goes without saying, that if the Government seeks to forfeit the property a proper proceeding should be instigated to accomplish that purpose. *In Re Brenner*, 6 F.2d 425, 426–27 (2d Cir. 1925). A claim by the owner for the return of his property cannot be successfully resisted by asserting that the property is subject to forfeiture. If the property is subject to forfeiture, appropriate proceedings should be started expeditiously.

. . . .

"[T]he Government argues that adequate civil remedies exist for appellant's relief. That is true. He could also bring a civil action, but, as we just noted, that neither discharges the district court's duties nor disturbs its jurisdiction."

We are aware of no Colorado cases in which the present issue regarding the proper forum for the relief sought has been determined. However, in *People v. Angerstein*, 194 Colo. 376, 572 P.2d 479 (1977), and *People v. Buggs*, Colo.App., 631 P.2d 1200 (1981), the appellate courts tacitly acknowledged that the filing of a motion for return of seized property in the same action in which the charges were determined was a proper remedy, and that on the filing of the motion an evidentiary hearing should be held to determine the rights of the parties.

The People contend that the jeep is contraband under the provisions of § 42–5–102(2), C.R.S.1973 (1980 Cum.Supp.), which provides, *inter alia*, that one who knowingly possesses an automobile without a vehicle

* Retired Court of Appeals Judge sitting by assignment of the Chief Justice under provisions of the *Colo.Const.*, Art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S.1973 (1981 Cum.Supp.)

identification number commits a class four felony. It is undisputed that the jeep has no vehicle identification number.

Defendant asserts, however, that his possession is not illegal in that he is rebuilding the jeep and is preparing to apply for new identification numbers as permitted under §§ 42–6–116 and 42–6–117, C.R.S.1973 (1980 Cum.Supp.). Section 42–6–117 provides that: "The [Motor Vehicle] department is authorized to assign a distinguishing number to any motor vehicle whenever there is no identifying number thereon, or such number has been destroyed, obliterated, or mutilated."

These apparently conflicting sections of the statute were reconciled in *People v. Sequin*, 199 Colo. 381, 609 P.2d 622 (1980), which held that § 42–5–102(2), C.R.S.1973 (1980 Cum.Supp.) applied to intentional alteration of identification numbers and § 42–6–117, C.R.S.1973 (1980 Cum.Supp.) applied to unintentional alterations, "*e.g.*, as a consequence of an accident or during the course of repair work."

Thus, the trial court must determine here whether the obliteration or alteration was intentional, in which case § 42–5–102(2), C.R.S.1973 (1980 Cum.Supp.) would govern, and the jeep would be subject to forfeiture as contraband, *see Angerstein, supra*, or whether the obliteration or alteration was unintentional, in which case the jeep would not be contraband and should be released to the owner.

The windmill tail should be returned to the owner as determined by the evidence presented by the parties at the hearing.

The order of the trial court is reversed and the cause is remanded with directions to hold an evidentiary hearing to determine which, if either, of the items seized should be returned to the defendant. At the hearing, the burden of proof by a preponderance of the evidence shall be on the People to establish that the jeep is contraband, and that defendant is not the owner of the windmill tail.

COYTE and SMITH, JJ., concur.