The PEOPLE of the State of Colorado, Plaintiff-Appellee,

v.

Gary L. WIEDEMER, Defendant-Appellant.

No. 82CA1436.

Colorado Court of Appeals, Div. III.

Sept. 6, 1984.

Rehearing Denied Oct. 11, 1984.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Virginia Byrnes Horton, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Martin J. Gerra, III, Deputy State Public Defender, Denver, for defendant-appellant.

KELLY, Judge.

Defendant appeals an order of the trial court denying his claim for post-conviction relief pursuant to Crim.P. 35(c) and his motion for return of property. We affirm.

On March 13, 1978, defendant was sentenced to an indeterminate term not to exceed 10 years following his jury conviction on four counts of second degree burglary. The judgment of conviction was affirmed by this court on October 4, 1979, in an unpublished opinion, and mandate issued on January 11, 1980. On October 7, 1980, defendant filed a *pro se* motion for return of property seeking the return of the clothing he was wearing and certain other items in his possession at the time he was arrested on the burglary charges, including $153.06 in cash. On October 14, 1980, the trial court entered an order denying the motion, finding that it was without jurisdiction.

Defendant then filed a *pro se* motion for post-conviction relief under Crim.P. 35 on July 23, 1981, based on newly discovered evidence, alleging that one of the jurors had failed to reveal that she knew a deputy sheriff who attended the trial. On May 5, 1982, the defendant, through counsel, filed a second motion for return of property.

At the conclusion of a hearing on both motions, the trial court denied the motion for return of property, again declaring itself to be without jurisdiction. In a subsequent written order the court denied the motion for post-conviction relief stating that:

"There is no showing before the Court that any acquaintance that might have existed between juror number one and [the deputy], whose only function in the trial was to guard the defendant, in any way prejudiced defendant in the trial."

Defendant contends that the trial court erred in denying his motion for post-conviction relief. We disagree.

■■■ If a juror has a sufficiently close association with law enforcement officers, that juror's capacity to act in a fair and impartial manner may be compromised in such a way as to impinge upon the defendant's right to a fair trial. *See People v. Reddick*, 44 Colo.App. 278, 610 P.2d 1359 (1980). The evidence here, however, fails to establish anything more than speculation that defendant was prejudiced by the deputy sheriff's alleged acquaintance with the juror. *See People v. Davis*, 39 Colo.App. 63, 565 P.2d 1347 (1977). Accordingly, the trial court's denial of defendant's motion for post-conviction relief was proper.

Defendant also contends that the trial court erred in determining that it lacked jurisdiction to rule on his motion for return of property. Again, we disagree.

In *People v. Rautenkranz,* 641 P.2d 317 (Colo.App.1982), we said that:

"[T]he filing of a motion for return of seized property in the same action in which the charges were determined [is] a proper remedy."

We also noted that such a procedure was implicitly approved in *People v. Angerstein,* 194 Colo. 376, 572 P.2d 479 (1977) and in *People v. Buggs,* 631 P.2d 1200 (Colo.App.1981); *see also People v. Ward,* 685 P.2d 238 (Colo.App.1984). In all of these cases, however, the motion for return of seized property appears to have been made prior to imposition of sentence, at a time when the trial court continued to have jurisdiction of the proceedings. Here, both the 1980 motion and the 1982 motion were made long after imposition of sentence.

A trial court loses jurisdiction upon imposition of a valid sentence except under the circumstances specified in Crim.P. 35. *See Smith v. Johns,* 187 Colo. 388, 532 P.2d 49 (1975). To be entitled to post-conviction review, a defendant must show that his claim is cognizable under Crim.P. 35. *People v. Muniz,* 667 P.2d 1377 (Colo.1983). A request for return of property is not within the scope of Crim.P. 35, which is limited to challenges to a defendant's conviction or sentence. The rule does not embrace ancillary proceedings. Thus, the trial court correctly ruled that it was without jurisdiction to consider the motion.

Order affirmed.

BERMAN and METZGER, JJ., concur.