The PEOPLE of the State of Colorado,
Plaintiff-Appellee,

v.

Ronald Lee WHITE, Defendant,

and

Jeff Carroll, Witness-Appellant.

No. 83CA1177.

Colorado Court of Appeals,
Div. III.

Jan. 24, 1985.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Cynthia D. Jones, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Bruno and Bruno, P.C., David J. Bruno, Lakewood, for witness-appellant.

METZGER, Judge.

Jeff Carroll appeals an order of the trial court denying his motion for return of

seized property. We reverse and remand with directions.

Carroll, a police officer for the City and County of Denver, testified pursuant to subpoena as a prosecution witness during the criminal trial of defendant, Ronald Lee White. During the trial, Carroll's Smith and Wesson .38 caliber service revolver, which was allegedly used by White to commit second degree murder and which was seized from White at the time of his arrest, was admitted as evidence. White was acquitted. Six days later, Carroll filed a motion seeking return and release of his service revolver. The trial court found that Carroll was the rightful owner of the gun, and, although all parties indicated that they had no objections to its return, the court ordered the gun to be confiscated and destroyed.

Carroll contends that the court's failure to return his revolver constituted prejudicial and reversible error. We agree.

 It is fundamental to the integrity of the criminal justice process that property involved in the proceeding, against which no government claim lies, be returned promptly to its rightful owner. *People v. Buggs*, 631 P.2d 1200 (Colo.App. 1981). *See also United States v. Wilson*, 540 F.2d 1100 (D.C.Cir.1976). Criminal exhibits may be retained for 30 days after acquittal or dismissal during which time parties or original custodians of the exhibit shall be given an opportunity to claim the exhibit. E. Zimny, Jr., *Colorado Records Management Manual* § 2407 (rev. November 1983) (incorporated in Crim.P. 55(f)).

 Here, Carroll filed a motion for return of his property six days after a jury found the defendant not guilty. The revolver was not contraband nor the fruit of illegal activity by Carroll. Furthermore, it was undisputed that Carroll was the legal owner. Although the trial court properly retained the gun until all evidentiary uses had been completed, it had a duty to return it to Carroll once its need for the gun had terminated.

The order is reversed and the cause is remanded with directions to the trial court to order the return of the service revolver.

BERMAN and BABCOCK, JJ., concur.