**UNITED STATES of America**

v.

**Russell NICHOLS, Defendant.**

**No. 94 Cr. 321 (PKL).**

United States District Court,
S.D. New York.

Sept. 11, 1995.

Andrew Schapiro, New York City, for defendant.

## MEMORANDUM ORDER

LEISURE, District Judge:

Defendant Russell Nichols ("Nichols") has moved this Court to compel the return of $500 pursuant to Federal Rule of Criminal Procedure 41(e). The Government opposes Nichols' motion, and requests, pursuant to 18 U.S.C. § 3666, that the Court order the funds to be deposited in the registry of the United States District Court for the Southern District of New York. For the reasons stated below, the Court will provide an evidentiary hearing to allow the parties an opportunity to prove certain facts necessary for resolution of this matter.

### BACKGROUND

Nichols applied for a passport at a Jamaica, Queens post office on November 23, 1993. Review of his application at the State Department's Northeast Passport Center ("Passport Center") revealed that the birth certificate supplied by Nichols in support of his application was a photocopy. *See* Government's Memorandum in Opposition to Defendant's Motion ("Govt's Opp."), at Tab 001. Following discussions with passport agents, Nichols admitted that the birth certificate was a photocopy, and promised to return with a valid birth certificate. On January 18, 1994 Nichols called Gil Lewis, an agent with the Passport Office, and allegedly stated that he would give him "500 reasons" to issue the passport based on the fraudulent birth certificate. *See* Govt's Opp., at 2. Later that day, Nichols went to the Passport Center and was directed to Raymond Parker, the office's Fraud Prevention Coordinator. During their meeting, Nichols gave Parker a manila envelope, which, along with various documents, contained $500 in cash. Nichols later admitted that the money was in the envelope, but claimed he did not know how the money had gotten into the envelope. The Government took possession of the $500.

Later on the same day, Nichols was arrested and charged in a complaint with one count of making false statements on a passport application, in violation of 18 U.S.C. § 1542, and one count of bribery, in violation of 18 U.S.C. § 201(b)(1). On June 1, 1994, pursuant to a written plea agreement, Nichols

entered a plea of guilty to a one-count information charging him with making false statements in connection with a passport application. According to the Government, the Pre–Sentence Investigative Report, prepared by the Probation Department after Nichols entered his plea, states that Nichols attempted to pay a $500 bribe to the passport officer in connection with his attempt to obtain a fraudulent passport.

On August 2, 1994, Andrew H. Schapiro ("Schapiro"), Nichols' counsel, sent a pre-sentence letter to this Court, which stated that Schapiro had no objection to the Probation Department's recommended sentence. *See* Defendant's Reply Memorandum ("Def's Rep."), at Exhibit A. The letter also stated that Nichols wanted to make clear to the Court that he did not attempt to bribe the passport officers.

At the sentencing on August 4, Schapiro responded "no" when asked by the Court whether anything in the pre-sentence report needed correction or comment. *See* Def's Rep., Exhibit B, at 3. However, later in the hearing, the Court stated that Nichols maintained the position that he did not offer a bribe. *Id.* at 7–8.

## DISCUSSION

Pursuant to Federal Rule of Criminal Procedure 41(e), Nichols moves for the return of the $500 seized by the Government. Because this Rule 41(e) motion was made after the termination of criminal proceedings against the defendant, it is treated as a civil complaint for equitable relief. *See Toure v. United States,* 24 F.3d 444, 445 (2d. Cir.1994) (complaint seeking the return of seized property after the conclusion of the underlying criminal case is properly treated as commencing a civil action pursuant to 28 U.S.C. § 1346, rather than a motion pursuant to Rule 41(e)); *Rufu v. United States,* 20 F.3d 63, 65 (2d. Cir.1994); *Mora v. United States,* 955 F.2d 156, 160 (2d. Cir.1992).[1] This Court's jurisdiction over the underlying crim-

inal proceeding establishes jurisdiction over this proceeding. *See Rufu,* 20 F.3d at 65 (district court where defendant is tried has ancillary jurisdiction to decide defendant's post-trial motion for return of seized property); *Soviero v. United States,* 967 F.2d 791 (2d. Cir.1992).

The Government, citing 18 U.S.C. § 3666, challenges Nichols' claim of lawful entitlement to the $500. Section 3666, which governs the disposition of funds paid in connection with a bribe, requires that:

Moneys received or tendered in evidence in any United States Court, or before any officer thereof, which have been paid to or received by any official as a bribe, shall, after the final disposition of the case, proceeding or investigation, be deposited in the registry of the court to be disposed of in accordance with the court, to be subject, however, to the provisions of section 2042 of Title 28.

18 U.S.C. § 3666. This language is potentially confusing because it simultaneously requires that bribe money be received or tendered in evidence before the statute applies and allows application of the statute when the final disposition of the case is merely an investigation. Considering that investigations may be limited to pre-indictment activity, the final disposition of an investigation may occur before any money has been received or tendered in evidence before "any United States Court, or before an officer thereof."

The Government uses *dicta* in *United States v. Kim,* 870 F.2d 81, 84 (2d. Cir.1989), to highlight this ambiguity. *See* Govt's Opp, at 5, fn. 3. (suggesting that § 3666 should not be limited to situations where the money is offered in evidence). In *Kim,* the defendant was tried and acquitted for bribery. After acquittal, the defendant moved, under § 3666, to have the alleged bribery money returned. He argued that § 3666 could only be invoked as a sentencing provision upon conviction. The *Kim* court employed several

---

1. Because Nichols' motion was filed under the docket number of the underlying criminal case, the Court has filed its Order under the criminal docket number, and employed the corresponding caption. However, Nichols is the plaintiff here, and the United States is the defendant. The Court will arrange for the Clerk's Office to open a civil docket number for this case, and to place it upon the Court's civil docket.

arguments to refute this claim. One of the arguments turned on the "investigation" language:

> Had Congress intended this section to deal only with sentencing, the phrase "or investigation" doubtless would have been omitted, since an investigation may or may not lead to a criminal prosecution; when it ends without having resulted in such a prosecution, there will have been no conviction for which a sentence could be imposed. Thus, the provision in § 3666 for deposit of moneys after any final disposition of an investigation reveals that the order need not be part of a sentence.

*Id.* at 84. It is important to note that this *dicta* from the *Kim* court does not directly address the issue of whether bribery money needs to be "in evidence" in order to trigger application of § 3666; rather, the argument was simply meant to help establish that § 3666 may preclude persons acquitted of bribery from recovering their money. This is a sensible conclusion when one considers that a proceeding under § 3666 is a civil proceeding. *Id.* at 84. While a jury may not find that the defendant was guilty of bribery beyond a reasonable doubt, the trial court, in a subsequent § 3666 civil proceeding, may find, by a preponderance of the evidence, that a bribe had been offered. *Id.* at 83.

While the passage regarding "investigation" does create some confusion, the language mandating the requirement that the alleged bribe money be "in evidence" is too clear to ignore. Research has revealed the only opinion in this District directly addressing the "in evidence" issue. *United States v. Slusher,* 1995 WL 417077, *4 (S.D.N.Y.1995). In *Slusher,* after an abbreviated trial, the defendant pled guilty to, among other charges, having received bribes of more than $200,000. In making a § 3666 motion for the return of $15,000, the defendant claimed the $15,000 was money from sources independent of the bribery scheme. The Court held that unless the $15,000 was received in evidence, § 3666 does not entitle the Government to retain the money. *Id.* at *4. Because the Government had failed to submit proof that the $15,000 had been admitted in evidence,

the Court decided to hold an evidentiary hearing to make the determination.

The Government in the instant case has not provided proof that the disputed money is in evidence. Therefore, because resolution of this factual issue is necessary to decide if Nichols is lawfully entitled to the money, the Court will provide a hearing to determine whether or not the $500 was received in evidence. If the $500 was not received in evidence, then the Government must provide another reason why Nichols is not lawfully entitled to the money, or his motion will be granted. If the $500 was received in evidence, Nichols must prove by a preponderance of the evidence standard that the $500 was not used in a bribery scheme. *Kim,* 870 F.2d at 84. If Nichols cannot meet this burden his motion will be denied.

The parties are directed to appear in Room 18B of the Federal Courthouse at 500 Pearl Street on September 28, 1995 at 10 A.M., at which time an evidentiary hearing will be held on the matters discussed in this Order.

SO ORDERED.