**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**Kenneth T. GALVES, Defendant–Appellant.**

**No. 96CA1560.**

Colorado Court of Appeals, Div. I.

Aug. 7, 1997.

Rehearing Denied Oct. 2, 1997.

Certiorari Denied May 18, 1998.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney

General, Timothy M. Tymkovich, Solicitor General, Clemmie P. Engle, Senior Assistant Attorney General, Denver, for Plaintiff–Appellee.

David F. Vela, State Public Defender, Karen M. Gerash, Deputy State Public Defender, Denver, for Defendant–Appellant.

Opinion by Judge METZGER.

Defendant, Kenneth T. Galves, appeals from the trial court's order which determined that it lacked jurisdiction to consider his motion for return of seized property. We affirm.

Following a finding by the trial court that he was not guilty by reason of insanity of the crimes charged in this case, defendant was committed to the custody of the Department of Institutions. He later filed a motion for the return of personal property seized as a result of his arrest.

Following a hearing, the trial court denied the motion. Although acknowledging its continued jurisdiction over treatment and release issues, the court concluded that its jurisdiction did not extend to the issue of return of property and indicated that defendant could seek return of his property by filing a civil action.

Defendant contends the court erred in refusing to consider his motion on the basis of lack of jurisdiction. He concedes that a trial court loses jurisdiction to consider issues raised after sentence has been imposed, other than those asserted pursuant to Crim. P. 35. However, he argues, in the case of a defendant found not guilty by reason of insanity, there is no conviction and sentence. He maintains, therefore, that the trial court continues to have jurisdiction over matters raised after the defendant is committed. We find no error.

In a criminal case, a trial court loses jurisdiction over the matter upon the entry of final judgment. A final judgment includes, among other things, entry of a judgment of conviction and imposition of sentence. Following the entry of a final judgment, the court retains subject matter jurisdiction only over matters that may be raised pursuant to Crim. P. 35. *People v. Campbell,* 738 P.2d 1179 (Colo.1987).

We agree with the defendant that a judgment consisting of an adjudication of not guilty by reason of insanity and commitment to the Department of Institutions is not technically a judgment of conviction and imposition of sentence. However, it ends the controversy and, therefore, is the functional equivalent of a judgment of conviction and imposition of sentence.

■ A plea of not guilty by reason of insanity is a plea on the merits. It challenges the mental element of the offense charged, which is an essential element of guilt.

Insanity at the time of the commission of the offense is not a mitigating factor, but is a complete defense to a criminal charge. *Parks v. Denver District Court,* 180 Colo. 202, 503 P.2d 1029 (1972). A verdict of not guilty by reason of insanity, therefore, is an adjudication on the merits which absolves the defendant of criminal responsibility forever. *People v. Serravo,* 823 P.2d 128 (Colo.1992).

■ Accordingly, although an actual sentence is not imposed upon a defendant found not guilty by reason of insanity, such a finding is a final adjudication on the merits. *See People v. Serravo, supra* (a verdict of not guilty by reason of insanity represents a judicial determination that the defendant lacked the mental capacity to commit the crime and, therefore, the Double Jeopardy Clause of the United States Constitution prohibits retrial after such a verdict). The finding of not guilty by reason of insanity is a final judgment which ends the particular action in which it is entered, leaving nothing further for the court to do in order completely to determine the rights of the parties involved in the proceeding. *See* Crim. P. 32(c).

Therefore, as is the case when a defendant is found guilty and sentenced, the trial court, with specified exceptions, loses jurisdiction over the proceeding upon entry of its order of commitment.

The General Assembly has specifically determined that, after the commitment is ordered, the committing court has subject mat-

ter jurisdiction to resolve questions relating both to the defendant's conditional or unconditional release and care and treatment. *Garcia v. Carmel,* 873 P.2d 1317 (Colo.1994). No other circumstances are set forth in the statutes relating to the committing court's jurisdiction after the order of commitment is entered.

Accordingly, we conclude that the statutory scheme for commitment of defendants adjudicated not guilty by reason of insanity does not manifest a clear legislative intent to vest the committing court with jurisdiction to resolve issues relating to the return of seized property. Therefore, the court here did not err in denying defendant's motion.

The order is affirmed.

CRISWELL and MARQUEZ, JJ., concur.