**UNITED STATES of America, Plaintiff**

v.

**Reynaldo RESTREPO CONTRERAS, Defendant**

**No. CRIM.89–371 JP.**

United States District Court,
D. Puerto Rico.

Aug. 16, 2004.

Warren Vazquez, United States Attorney's Office, Torre Chardon, San Juan, PR, for Plaintiff.

Reynaldo Restrepo Contreas, McRae, GA, Pro se.

### ORDER

PIERAS, Senior District Judge.

## I. INTRODUCTION

The Court has before it Defendant's "Motion for Return of Property," which dates from June 4, 2003 (**docket No. 67**). In such motion, Defendant requests the Court to order Plaintiff to return to him the following property: (i) his Colombian Identification Card, (ii) his Colombian Military Card, and (iii) ONE THOUSAND NINE HUNDRED DOLLARS ($1,900.00) ((i), (ii) and (iii), collectively, the "Property"). The Court hereby **GRANTS** such motion for the reasons set forth below.

## II. FACTUAL BACKGROUND

Defendant was sentenced on May 25, 1990 to a 360–month term of imprisonment, which was reduced to a 235–month term through the retroactive application of Amendment 505 to the United States Sentencing Guidelines. On June 4, 2003, Defendant filed the above-mentioned motion. On July 16, 2003, the Court ordered Plaintiff to provide it "with a legitimate reason or reasons as to why the continued retention of [the Property] [wa]s reasonable" by not later than August 11, 2003 (docket No. 68). Plaintiff answered that "all records in connection with the disposition of the [P]roperty ... have already been de-stroyed pursuant to agency policy." (docket No. 71). The Court did not consider this a legitimate reason and granted Plaintiff another opportunity to file a response (docket No. 72). In such Order, the Court clearly stated that the loss of the Property did not render Defendant's request moot. *See Soviero v. United States,* 967 F.2d 791 (2nd Cir.1992) and *U.S. v. Chambers,* 192 F.3d 374 (3rd Cir.1999). Plaintiff has not taken advantage of such opportunity.

## III. LEGAL FRAMEWORK AND ANALYSIS

In his motion, Defendant requests that Plaintiff return the Property. A person aggrieved by "the deprivation of property may move for the property's return." Fed. R. Cr. P. 41(g). The Court has ancillary jurisdiction to decide a post-trial motion for the return of seized property like this one. *Soviero,* 967 F.2d at 792–93 (citing *Mora v. U.S.,* 955 F.2d 156, 158 (2nd Cir.1992)). In its answer, Plaintiff implies that there is no relief available to Defendant because Plaintiff destroyed the Property in accordance with its policy. Plaintiff is incorrect in reaching such conclusion. The Court has before it a "civil equitable proceeding," so it has the authority to grant "whatever damages are incident" to the request. *Id.* And the Court will use such authority.

The Court will determine what is to be done by Plaintiff with respect to each of the three articles taken from Defendant. First, there is the Colombian passport. This is a document that Defendant will undoubtedly need in order to enter his country of origin, or any other country, once he fulfills his sentence within the United States. Since Plaintiff destroyed the passport, the Court **ORDERS** Plaintiff to pay Defendant **TWO HUNDRED DOLLARS ($200.00)** so that Defendant may pay for the errands associated with order-

ing a new passport. Second, there is the military card. As far as the Court is concerned, this is a secondary piece of personal identification and the Court will assume that Defendant may get a copy made once he returns to Colombia. Third, there is the money. Even though Plaintiff did not make a distinction between the documents and the money in explaining what had happened to the Property, the Court seriously doubts that the government destroyed ONE THOUSAND NINE HUNDRED DOLLARS ($1,900.00); and if it did, it shouldn't have. Therefore, the Court hereby **ORDERS** Plaintiff to return such amount to Defendant.

Plaintiff has **until October 12, 2004** to return to Defendant the items specified above.

## IV. CONCLUSION

The Court hereby **GRANTS** Plaintiff's motion (**docket No. 67**) and **ORDERS** Plaintiff to pay Defendant **TWO–THOUSAND ONE HUNDRED DOLLARS** ($2,100.00) by **NOT LATER THAN** October 12, 2004.

**IT IS SO ORDERED.**