The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

James A. HARGRAVE, Defendant–Appellant.

No. 06CA0212.

Colorado Court of Appeals, Div. I.

Aug. 23, 2007.

John W. Suthers, Attorney General, Matthew D. Grove, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Douglas K. Wilson, Colorado State Public Defender, Ned R. Jaeckle, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge ROY.

Defendant, James A. Hargrave, appeals the trial court's order releasing the property seized from him subject to proof of ownership satisfactory to the Northglenn Police Department and concluding that it did not have jurisdiction to resolve the storage and towing charges of a private company. We reverse and remand for further proceedings.

The salient facts are undisputed. On August 17, 2004, officers of the Northglenn Police Department and the Adams County Sheriff's Office executed a search warrant at defendant's residence. They seized a large quantity of motorcycle parts and other property that had been reported stolen, along with a significant quantity of similar property that had not been reported stolen.

On November 4, 2004, defendant was charged with three class 3 felonies of theft by receiving, § 18–4–410(1), (5), C.R.S.2006. Defendant pleaded guilty to two class 4 felonies of theft by receiving, § 18–4–410(1), (4), C.R.S.2006, pursuant to a plea agreement, and the remaining count was dismissed on January 31, 2005. Defendant was then sentenced on April 4, 2005, to two concurrent ten–year sentences with the Department of Corrections, mandatory parole, and restitution in the amount of $26,517.50, reserving the award of restitution as to three victims. Following a hearing, the trial court increased the restitution to $51,117.50 for one of the reserved victims on August 8, 2005, nunc pro tunc April 4, 2005, and denied defendant's motion for reconsideration of his sentence on the same date.

On November 1, 2005, defendant, through plea counsel, filed a motion for return of his property in which he alleged, inter alia, that (1) the Northglenn Police Department had authorized a towing and storage company to release the property upon proof of ownership; (2) his parents had made three unsuccessful attempts to retrieve the property between May and September 2005, all of which were rejected for lack of proof of ownership; and (3) jurisdiction was proper and there was a presumption that he owned the property, citing authority.

A hearing was held on December 14, 2005, at which no evidence was offered. The district attorney, while offering his personal belief that all the property had been stolen, stated his position as follows:

My understanding is that everything [for which] we can identify ... the rightful owner, other than the defendant, has been returned at this point. I sent a letter to the Northglenn Police on May 6, 2005, stating that things could be returned to the rightful owners and frankly that includes the defendant as well. Anything that is left in evidence or impound—I understand if they wanted to keep it, the police could keep it understanding [that] it's my burden to [prove] by a preponderance of the evidence it could be kept. I can't make that burden with anything that is left. So, from my point of view, I think it's up to the

defendant to follow the appropriate procedures from impound and the police but I have no objection to anything that is remaining being released back to [defendant].

After a short discussion of the towing and storage fees claimed by a private party who had contracted with the Northglenn Police Department, the trial court stated:

I don't see anything wrong with the police department requiring that the property be released to the rightful owner, that seems appropriate. [It has] liability if [it] release[s] the property to the person who is not the rightful owner and I am not going to mess with those issues. I find it very inappropriate for this court to be involved in the matters which are really civil matters.... I cannot automatically assume that everything that was found in [defendant's] home belonged to him, especially under the circumstances under which the search warrant [theft by receiving] was executed and the reason it was executed.... [B]ut I am not going to extend my authority or jurisdiction to waive the fees or do anything of that nature.

The trial court then ordered the return of the property to defendant subject to his providing proof of ownership satisfactory to the Northglenn Police Department.

■ On appeal, defendant contends, as he did before the trial court, that the trial court should have determined the rightful owner of the property and allocated or discharged the towing and storage fees. Further, he contends that conditioning the return of his property on the payment of the towing and storage fees contracted for by the city is an unconstitutional deprivation of his property. We agree with the former contention and decline to address the latter because it was not raised in the trial court. The In so concluding, we necessarily reject the People's argument that the trial court had no post-sentencing jurisdiction to enter an order for the return of property.

■ When the need for property seized in a case has ended, the trial court has the jurisdiction and the obligation to order its return and, if necessary, to conduct a hearing to determine its appropriate disposition and any ancillary issues. *People v. Rautenkranz,* 641 P.2d 317, 318 (Colo.App.1982).

■ Evidence of seizure from the defendant is prima facie evidence of his or her ownership of the property. *People v. Buggs,* 631 P.2d 1200, 1201 (Colo.App.1981); *see also People v. Strock,* 931 P.2d 538, 539 (Colo.App. 1996) (defendant establishes a prima facie case by showing that the property was seized from him, and burden then shifts to the prosecution to prove by a preponderance of the evidence that the items seized were the fruit of an illegal activity or that a connection exists between those items and criminal activity); *cf. United States v. Dean,* 100 F.3d 19, 20 (5th Cir.1996).

*People v. Rautenkranz, supra,* presents circumstances very similar to those presented here. There, the defendant pleaded guilty to theft by receiving and subsequently filed a motion for return of property, a Jeep and windmill vane, which had been seized pursuant to a search warrant. The prosecution objected to the release of both items, alleging that the windmill vane belonged to another person and that the Jeep was contraband because the serial numbers had been altered or removed. The trial court concluded that because there were questions of ownership and no notice had been given to other interested parties, it had no jurisdiction to proceed with the matter. A division of this court reversed, stating:

"We hold that the district court, once its need for the property has terminated, *has both the jurisdiction and the duty to return the contested property here regardless and independently of the validity or invalidity of the underlying search and seizure....* It goes without saying, that if the Government seeks to forfeit the property a proper proceeding should be instigated to accomplish that purpose. A claim by the owner for the return of his property cannot be successfully resisted by asserting that the property is subject to forfeiture. If the property is subject to forfeiture, appropriate proceedings should be started expeditiously."

....

We are aware of no Colorado cases in which the present issue regarding the proper forum for the relief sought has been determined. However, in *People v. Angerstein*, 194 Colo. 376, 572 P.2d 479 (1977), and *People v. Buggs, [supra]*, the appellate courts tacitly acknowledged that the filing of a motion for return of seized property in the same action in which the charges were determined was a proper remedy, and that on the filing of the motion an evidentiary hearing should be held to determine the rights of the parties.

*People v. Rautenkranz, supra*, 641 P.2d at 318 (emphasis added) (quoting *United States v. Wilson*, 540 F.2d 1100, 1103–04 (D.C.Cir. 1976)) (citation omitted).

In support of their argument that the trial court lost jurisdiction to consider a motion for return of property after the imposition of a valid sentence, the People rely on *Smith v. Johns*, 187 Colo. 388, 390, 532 P.2d 49, 50 (1975) (trial court had no jurisdiction to change a sentence after it entered a valid sentence); *People v. Campbell*, 738 P.2d 1179, 1180 (Colo.1987) (trial court had no jurisdiction to reconsider the defendant's motion for a new trial following the imposition of a valid sentence); *People v. Wiedemer*, 692 P.2d 327, 329 (Colo.App.1984)) (trial court lacked jurisdiction to consider a motion to return property following the entry of a valid sentence); and *People v. Galves*, 955 P.2d 582, 583 (Colo.App.1997) (trial court lacked jurisdiction to consider a motion for return of property after committing defendant to a psychiatric facility following a verdict of not guilty by reason of insanity).

However, both supreme court cases, *Smith v. Johns, supra*, and *People v. Campbell, supra*, dealt with defendants challenging their convictions or sentences or both. Therefore, citing either of these cases for the proposition that following the entry of a valid sentence the trial court's jurisdiction is limited to that granted by Crim. P. 35, as divisions of our court did in *People v. Wiedemer, supra*, and *People v. Galves, supra*, does not recognize the significant distinction between challenging the conviction or sentence and requesting the return of property.

Furthermore, *People v. Wiedemer, supra*, distinguished *People v. Rautenkranz, supra; People v. Angerstein, supra; People v. Buggs, supra;* and *People v. Ward*, 685 P.2d 238 (Colo.App.1984), which had either held or implied that there was jurisdiction to entertain motions for the return of property, on the basis that in those cases it "appear[ed]" that the motions for the return of property were filed prior to sentencing. We can discern no such appearance or inference one way or the other in *Angerstein* or *Buggs*. In *Ward*, the trial court reviewed the presentence report in considering the motion, and in *Rautenkranz* the motion was filed after the defendant pleaded guilty, from which no such inference can be drawn.

In addition, in *Rautenkranz*, the division relied upon, and quoted with approval from, *United States v. Wilson, supra*, which involved a post–sentencing motion. *United States v. Wilson, supra*, an ancillary jurisdiction case, in turn, relied on *Morrow v. District of Columbia*, 417 F.2d 728 (D.C.Cir. 1969), which dealt with the jurisdiction of a trial court to prohibit dissemination of arrest records. The *Morrow* court stated:

Ancillary jurisdiction exists because without it the court could neither effectively dispose of the principal case nor do complete justice in the premises. It is a commonsense solution of the problems of piecemeal litigation which otherwise would arise by virtue of the limited jurisdiction of federal courts.

*Morrow v. District of Columbia, supra*, 417 F.2d at 738 n. 36 (quoting 1 W. Barron & A. Holtzoff, *Federal Practice and Procedure* § 23, at 94 (Wright ed.1960) ); see also 13 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3523, at 85 (2d ed.1984).

The *Morrow* court also posited an analysis to determine whether there is ancillary jurisdiction. The court stated that ancillary jurisdiction should attach where:

(1) the ancillary matter arises from the same transaction which was the basis of the main proceeding, or arises during the course of the main matter, or is an integral part of the main matter; (2) the ancillary matter can be determined without a sub-

stantial new factfinding proceeding; (3) determination of the ancillary matter through an ancillary order would not deprive a party of a substantial procedural or substantive right; and (4) the ancillary matter must be settled to protect the integrity of the main proceeding or to insure that the disposition in the main proceeding will not be frustrated.

*Morrow v. District of Columbia, supra,* 417 F.2d at 740.

The application of requirements (1), (3), and (4) to this situation cannot be questioned. The property was seized as a part of the investigation giving rise to the charges; those parties necessary to the determination of the matter can be properly notified and permitted to participate; and the matter must be determined to protect the integrity of the proceedings. With respect to requirement (2), these matters are, in our experience, normally perfunctory—that is, the property is released to the defendant on the letter of the prosecutor or an order of the court without a hearing. In those rare instances where that is not the case, and this appears to be one of them, the resolution is premised on relatively straightforward legal theories and factual issues requiring only brief proceedings.

The federal courts that have considered the matter are unanimous in holding that the court which heard the criminal matter has ancillary jurisdiction to entertain a postconviction motion for return of property and may conduct the evidentiary hearing if one is required. *See, e.g., United States v. Martinez,* 241 F.3d 1329, 1330–31 (11th Cir.2001); *Okoro v. Bohman,* 164 F.3d 1059, 1061–62 (7th Cir.1999); *United States v. Garcia,* 65 F.3d 17, 19–21 (4th Cir.1995); *Thompson v. Covington,* 47 F.3d 974, 975 (8th Cir.1995); *Rufu v. United States,* 20 F.3d 63, 65–66 (2d Cir.1994); *United States v. Wright,* 610 F.2d 930, 934–38 (D.C.Cir.1979); *United States v. Restrepo Contreras,* 330 F.Supp.2d 72, 73–74 (D.P.R.2004); *United States v. Nichols,* 163 F.R.D. 217, 218 (S.D.N.Y.1995); *United States v. Kelly,* 872 F.Supp. 556, 559–61 (N.D.Ind.1994).

We recognize that ancillary jurisdiction is particularly appropriate in the federal context where the courts are of limited jurisdiction. However, it has been recognized, without any particular analysis, by our courts in situations involving state courts of both general and limited jurisdiction. *Crystal Lakes Water & Sewer Ass'n v. Backlund,* 908 P.2d 534, 540 (Colo.1996) (water court's limited jurisdiction extends to matters having a direct effect on the outcome of the issues presented to the court); *People v. Dalton,* 70 P.3d 517, 522–23 (Colo.App.2002) (a general jurisdiction court has ancillary jurisdiction to accept a plea on a charge for which a direct filing is not permitted where it has jurisdiction over a companion charge for which a direct filing is permitted); *see also People v. Hughes,* 946 P.2d 509 (Colo.App.1997), *overruled on other grounds by Valdez v. People,* 966 P.2d 587, 591 (Colo.1998). In addition, courts in other states have reached the same conclusion under the doctrine of inherent power. *See, e.g., Coon v. State,* 585 So.2d 1079, 1080 (Fla.Dist.Ct.App.1991); *State v. Mendenhall,* 18 Kan.App.2d 380, 855 P.2d 975, 978 (1993).

We are persuaded by the rationale of, and the authority relied upon by, the division of this court in *People v. Rautenkranz, supra.* Therefore, we decline to follow *People v. Wiedemer, supra,* and *People v. Galves, supra.* We conclude that the trial court has ancillary jurisdiction, or inherent power, to entertain defendant's post-sentence motion for return of property and, after appropriate notice to the City of Northglenn and the towing–storage company, and a hearing if required, to enter orders resolving the matter.

Our conclusion is, we believe, bolstered because it furthers judicial economy. That is, the court, prosecuting attorney, and defense counsel were involved in the criminal proceeding, are aware of the pertinent circumstances, and can make the requisite decisions without the necessity of extended discovery and pretrial delays typically attendant to civil proceedings. Further, because of the mutually shared knowledge, these matters are typically handled in a relatively perfunctory manner with, as here, the prosecuting attorney confessing the motion. The determination of what, if any, portion of the tow-

ing and storage fees are chargeable to defendant can be readily determined after a brief hearing.

The trial court's order is reversed, and the case is remanded for further proceedings consistent with the views expressed in this opinion.

Judge FURMAN concurs.

Judge MÁRQUEZ dissents.

Judge MÁRQUEZ dissenting.

Defendant in this case was sentenced in April 2005 and did not file his motion for return of property until several months following sentencing. In my view, the trial court lost jurisdiction to rule on issues regarding the return of property upon imposition of a valid sentence. Therefore, I respectfully dissent.

The earliest case on the return of seized property appears to be *People v. Angerstein*, 194 Colo. 376, 572 P.2d 479 (1977). There, motions regarding the seized property were not filed until over a year following a plea of guilty. Whether the defendant had been sentenced before the motions were filed is not indicated in the opinion. The supreme court remanded the cause to the trial court with directions to hold an evidentiary hearing regarding the property.

In 1981, a division of this court decided *People v. Buggs*, 631 P.2d 1200 (Colo.App. 1981), where the defendant filed a motion, after his conviction, seeking return of certain property. Although the division ordered return of the property, the opinion does not state whether the defendant's motion was filed before or after sentencing. The following year, another division of this court decided *People v. Rautenkranz*, 641 P.2d 317, 318 (Colo.App.1982), in which the defendant pleaded guilty. The opinion states: "Thereafter, defendant filed a verified motion for return" of property. Citing *Angerstein, Buggs*, and *United States v. Wilson*, 540 F.2d 1100 (D.C.Cir.1976), the division remanded for a hearing to determine whether the items seized should be returned. When sentencing occurred is not mentioned.

Unlike in the foregoing cases, in *People v. Ward*, 685 P.2d 238 (Colo.App.1984), cited by the majority, the defendant filed a motion for return of property while his case was pending, and the prosecution filed a motion for forfeiture of the seized money. A hearing on the motions was held following the defendant's plea of guilty. The issue on appeal was whether there was a sufficient nexus between the seized money and the defendant's drug dealing activities.

However, since *People v. Rautenkranz, supra*, Colorado appellate courts have held that the trial court does not have jurisdiction after sentence is imposed. *See People v. Campbell*, 738 P.2d 1179 (Colo.1987); *People v. Galves*, 955 P.2d 582 (Colo.App.1997); *People v. Wiedemer*, 692 P.2d 327 (Colo.App. 1984).

In *Wiedemer, supra*, the defendant was sentenced after a jury trial, the conviction was affirmed on appeal, and the mandate issued before the defendant filed a motion for return of property. When the trial court denied his motion, defendant filed a Crim. P. 35 motion and a second motion for return of property. Both were denied, and the trial court's orders were affirmed on appeal. The division held that a "trial court loses jurisdiction upon imposition of a valid sentence except under the circumstances specified in Crim. P. 35." *People v. Wiedemer, supra*, 692 P.2d at 329.

In *Campbell, supra*, 738 P.2d at 1180, the supreme court quoted the language from *Wiedemer* set forth above and held that the "trial court ... lost jurisdiction to reconsider its denial of a motion for new trial when it imposed a valid sentence upon the defendant."

After *Campbell* was announced, the division in *Galves* addressed whether the trial court erred in refusing to consider the defendant's motion for return of personal property seized as a result of his arrest. Although the defendant was found not guilty by reason of insanity, the division held that in a criminal case, the trial court loses jurisdiction of the matter upon the entry of final judgment, which includes, among other things, entry of a judgment of conviction and imposition of sentence. Citing *Campbell, supra*, the

*Galves* division also held that following the entry of a final judgment, the court retains subject matter jurisdiction only over matters that may be raised pursuant to Crim. P. 35. *People v. Galves, supra,* 955 P.2d at 583.

While the majority here faults the division's observation in *People v. Wiedemer* that in prior cases "it appeared" the motion for return of seized property was filed prior to imposition of sentence, the majority acknowledges that at a minimum the earlier cases did not make clear whether the decision to address the return of property was made before or after sentencing. I also note that the earlier cases do not address the issue of jurisdiction or even indicate whether the issue was raised.

Crim. P. 41(e) provides that a person aggrieved by an unlawful search and seizure may move for the "return of the property and to suppress for use as evidence anything so obtained" on certain grounds. The rule, however, does not state when the motion should be filed. Because return of property is included with suppression issues, the implication is that such motions will be filed before or during trial.

As for the one federal court decision cited by Colorado appellate courts on this issue, *United States v. Wilson, supra,* the defendant there pleaded not guilty and four days later filed his motion for return of seized property. Thus, the motion was filed well before sentencing. Moreover, in the federal courts, postconviction filings for the return of property, if made after the termination of criminal proceedings, are treated as civil equitable actions. *Thompson v. Covington,* 47 F.3d 974, 975 (8th Cir.1995); *Rufu v. United States,* 20 F.3d 63, 65 (2d Cir.1994).

Thus, whatever the merits of the position of the federal courts, in my view, the trial court does not have jurisdiction to address the return of seized property if the motion for return is filed after sentence has been imposed. The defendant is not left without a remedy because the option of filing a civil suit is available. *See People v. Rautenkranz, supra,* 641 P.2d at 318 (civil action may be proper remedy for seeking return of property).