The summaries of the Colorado Court of Appeals published opinions
constitute no part of the opinion of the division but have been prepared by
the division for the convenience of the reader. The summaries may not be
cited or relied upon as they are not the official language of the division.
Any discrepancy between the language in the summary and in the opinion
should be resolved in favor of the language in the opinion.

SUMMARY
September 20, 2018

## 2018COA139

**No. 17CA0782, People v. Chavez — Criminal Law — Sentencing;
Courts and Court Procedures — Jurisdiction of Courts —
Subject Matter Jurisdiction; Criminal Procedure —
Postconviction Remedies**

The division holds that the imposition of a valid sentence ends

a criminal court's subject matter jurisdiction, subject to the limited

exception of claims brought under Crim. P. 35. Because the

defendant's motion for return of property is not authorized by Crim.

P. 35, the division holds that the criminal court did not have

jurisdiction to rule on it. In so holding, the division follows the

reasoning of *People v. Wiedemer*, 692 P.2d 327 (Colo. App. 1984),

and declines to follow *People v. Hargrave*, 179 P.3d 226 (Colo. App.

2007).

COLORADO COURT OF APPEALS         **2018COA139**

Court of Appeals No. 17CA0782
Pueblo County District Court No. 04CR2139
Honorable Larry C. Schwartz, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Loren A. Chavez,

Defendant-Appellant.

ORDER VACATED

Division IV
Opinion by JUDGE BERGER
Loeb, C.J., and Hawthorne, J., concur

Announced September 20, 2018

Cynthia H. Coffman, Attorney General, Lisa K. Michaels, Assistant Attorney
General, Denver, Colorado, for Plaintiff-Appellee

Loren A. Chavez, Pro Se

¶ 1      This case requires us to decide if a criminal court retains subject matter jurisdiction over a defendant's motion, filed years after sentence was imposed, for return of property seized in his criminal case.

¶ 2      The criminal court denied defendant's, Loren A. Chavez's, motion for return of property on the merits and Chavez appeals. We hold that the criminal court lacked subject matter jurisdiction to decide Chavez's motion.  Accordingly, we vacate the court's order.

## I.      Relevant Facts and Procedural History

¶ 3      In 2004, the police obtained a warrant to search Chavez's house as part of an investigation of an alleged sexual assault. During that search, police seized evidence that they then used to charge Chavez in five separate criminal cases, none of which underlie this appeal.

¶ 4      In the case underlying this appeal, Chavez was charged with sexual assault (victim helpless) and second degree kidnapping. None of the evidence seized during the search of his house was admitted at his trial for sexual assault and kidnapping.

1

¶ 5    A jury convicted Chavez of both offenses.  He appealed, and a division of this court affirmed.  *People v. Chavez*, (Colo. No. 07CA0954, July 2, 2009) (not published pursuant to C.A.R. 35(f)).

¶ 6    Chavez then attacked his convictions under Crim. P. 35(c), claiming that the trial court gave him a defective *Curtis* advisement and thus his waiver of his right to testify was not knowingly and voluntarily made.  The postconviction court granted relief and vacated Chavez's convictions.

¶ 7    Instead of standing for retrial, in November 2013 Chavez pleaded guilty to both sexual assault and kidnapping and was again sentenced for those crimes.

¶ 8    Three years later, Chavez moved the criminal court for the return of the items seized during the search of his house.[1]  He requested the return of, among other things, computers, CDs, and VHS tapes, claiming that they contained family photographs and other personal items.  The prosecution objected, contending that

---

[1] Chavez filed a motion for return of property in 2010, but, because his Crim. P. 35(c) motion was pending, the court denied, without prejudice, his motion for return of property.  Chavez did not appeal that order.

the items requested fell "within the nature of [Chavez's] conviction" and possibly included information regarding the victim in the underlying case, as well as the victims of the crimes charged in the five other cases. The court denied Chavez's motion on the merits.

## II. The Court Did Not Have Jurisdiction Over Chavez's Motion

¶ 9     Divisions of this court are split on whether criminal courts have jurisdiction over motions for return of property made after a defendant has been sentenced.[2]

¶ 10    In *People v. Wiedemer*, 692 P.2d 327, 329 (Colo. App. 1984), a division of this court held that the imposition of sentence ends a criminal court's subject matter jurisdiction, with the sole exception of motions brought under Crim. P. 35. Because a motion for return of property is not authorized by Crim. P. 35, the division reasoned that criminal courts do not have jurisdiction over such motions

---

[2] Some courts have applied Crim. P. 41(e) in resolving these cases, but, by its express terms, that rule only addresses claims for the return of property when the search and seizure were unlawful. Chavez does not claim, nor does the record support any claim, that the search of Chavez's home or the seizure of the items at issue were unlawful. As noted above, the search and seizure were made in accordance with a warrant issued by a judicial officer. Accordingly, we conclude that Crim. P. 41(e) has no bearing on the question before us.

3

made after sentencing.  *Id.*; *see also People v. Galves*, 955 P.2d 582 (Colo. App. 1997).

¶ 11     A different division held in *People v. Hargrave*, 179 P.3d 226, 230 (Colo. App. 2007), that "the [criminal] court has ancillary jurisdiction, or inherent power, to entertain defendant's post-sentence motion for return of property." *See also People v. Rautenkranz*, 641 P.2d 317, 318 (Colo. App. 1982).  The division relied on the test for ancillary jurisdiction used by federal courts. 179 P.3d at 229-30.[3]  Under this test, ancillary jurisdiction attaches when

> (1) the ancillary matter arises from the same transaction which was the basis of the main proceeding, or arises during the course of the main matter, or is an integral part of the main matter; (2) *the ancillary matter can be determined without a substantial new factfinding proceeding*; (3) determination of the

---

[3] We note that the doctrine of ancillary jurisdiction has particular importance in federal courts because federal courts are courts of limited jurisdiction, *Lobato v. State*, 218 P.3d 358, 370 (Colo. 2009), and defendants in Chavez's position might be remediless in the federal courts in the absence of ancillary jurisdiction.  *See United States v. Wingfield*, 822 F.2d 1466, 1470 (10th Cir. 1987).  In contrast, Colorado district courts are courts of general jurisdiction. *Wood v. People*, 255 P.3d 1136, 1140 (Colo. 2011).  Thus, there is no need to borrow the federal court's use of ancillary jurisdiction.

4

> ancillary matter through an ancillary order would not deprive a party of a substantial procedural or substantive right; and (4) the ancillary matter must be settled to protect the integrity of the main proceeding or to insure that the disposition in the main proceeding will not be frustrated.

*Id.* (quoting *Morrow v. District of Columbia*, 417 F.2d 728, 740 (D.C. Cir. 1969)) (emphasis added).

¶ 12    We agree with the *Wiedemer* division. "[A] final judgment in a criminal case does not come until the defendant is acquitted, the charges are dismissed, or *the defendant is convicted and sentence is imposed.*" *People v. Guatney*, 214 P.3d 1049, 1051 (Colo. 2009) (emphasis added). "The general rule is that once a trial court enters a final judgment in a proceeding, it has no power to take further action." *People v. Campbell*, 738 P.2d 1179, 1180 (Colo. 1987), *superseded by statute on other grounds*, § 16-12-102, C.R.S. 2017, *as recognized in People v. Blagg*, 2015 CO 2, ¶ 14.

¶ 13    Thus, once a valid sentence is imposed, apart from the limited claims described in Crim. P. 35, *see Wiedemer*, 692 P.2d at 329, a

5

criminal court has no further jurisdiction.  For these reasons, we decline to follow *Hargrave*.[4]

¶ 14 Even if *Hargrave* were correct, the criminal court still was without jurisdiction.  Among the property at issue are two computers and numerous CDs, which could contain both property subject to return, such as innocuous family photos, as well as (or only) contraband not subject to return, such as photos of unlawful sexual behavior involving Chavez.  Such an inquiry would invariably involve "substantial new factfinding proceeding[s]." *Hargrave*, 179 P.3d at 229-30.  Thus, even under *Hargrave*, the criminal court lacked jurisdiction to address the merits of Chavez's motion.[5]

---

[4] In addition, *Hargrave* requires the criminal court to engage in a multi-part test, quoted above, to determine whether it has jurisdiction to entertain a motion for return of property.  *People v. Hargrave*, 179 P.3d 226, 230 (Colo. App. 2007).  It is cumbersome and anomalous to condition a court's subject matter jurisdiction on multi-part factual inquiries.

[5] Our disposition does not necessarily leave Chavez remediless.  Colorado district courts are courts of general jurisdiction and may entertain a civil action seeking equitable relief.  Because no such claim is before us, we express no opinion regarding the elements, available defenses, or merits of any such claim.

### III. Conclusion

¶ 15    The order denying Chavez's motion for return of property is vacated for lack of jurisdiction.

CHIEF JUDGE LOEB and JUDGE HAWTHORNE concur.