19CA1778 Peo v Amonette 10-07-2021 COLORADO COURT OF APPEALS Court of Appeals No. 19CA1778 Garfield County District Court No. 10CR402 Honorable James B. Boyd, Judge The People of the State of Colorado, Plaintiff-Appellee, v. Phillip Michael Amonette, Defendant-Appellant. ORDER AFFIRMED Division VI Opinion by JUDGE WELLING Fox and Johnson, JJ., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced October 7, 2021 Philip J. Weiser, Attorney General, Brock J. Swanson, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee Phillip Michael Amonette, Pro Se 
1 ¶ 1 Defendant, Phillip Michael Amonette, appeals the district court’s order denying his “Motion to Re-Hear Motion for Return of Property.” We affirm. I. Background ¶ 2 A jury found Amonette guilty of first degree assault of a peace officer and criminal mischief. People v. Amonette, slip op. at 2 (Colo. App. No. 12CA2329, Mar. 31, 2016) (not published pursuant to C.A.R. 35(f)). The charges stemmed from evidence that Amonette shot a police officer who had responded to a domestic dispute between Amonette and his girlfriend. Id. at 1. The trial court sentenced him to twenty-nine years in prison on September 25, 2012. A division of this court affirmed the judgment of conviction on direct appeal. Id. ¶ 3 Nearly seven years later, Amonette filed a motion requesting that property “taken upon his arrest” be returned to his “next of kin.” He listed the property as (1) a Leatherman SuperTool with case; (2) a Zippo brand lighter with case; (3) a Bic lighter with silver and turquoise case; (4) a small Kershaw pocket knife; (5) a leather belt; (6) a pair of leather work boots; and (7) a “‘small amount of currency’ (in bills) and change.” In his motion and reply in support 
2 of his motion, he argued that the court had ancillary jurisdiction to consider his request under People v. Hargrave, 179 P.3d 226 (Colo. App. 2007). ¶ 4 The prosecution responded, relying on People v. Chavez, 2018 COA 139, and People v. Wiedemer, 692 P.2d 327 (Colo. App. 1984), for the proposition that the court lacked jurisdiction to consider Amonette’s motion because it was filed after he was sentenced. The prosecution further asserted that, even if the district court declined to follow Chavez and Wiedemer, it lacked authority under Hargrave because “[t]here is a dispute as to whether the property is subject to return,” and resolving that inquiry would involve substantial new factfinding proceedings. See Hargrave, 179 P.3d at 229-30 (describing the limited nature of the proceedings). ¶ 5 Relying on Chavez and Wiedemer, the district court concluded that it lacked jurisdiction to rule on Amonette’s motion. Amonette filed a “Motion to Re-Hear Motion for Return of Property.” The district court denied this motion too, concluding that its “original order correctly applied the law.” Amonette appeals from the denial of this second motion. 
3 II. Jurisdiction ¶ 6 Divisions of this court have differed on whether a district court retains jurisdiction in a criminal case to consider a motion for return of property after sentencing. ¶ 7 In Wiedemer, the division held that “[a] trial court loses jurisdiction upon imposition of a valid sentence except under the circumstances specified in Crim. P. 35.” 692 P.2dat 329. Thus, the division concluded, the trial court lacked jurisdiction to consider the defendant’s motion for return of property after sentencing because such a motion is not cognizable under Crim. P. 35 and “[t]he rule does not embrace ancillary proceedings.” Id.; see also People v. Galves, 955 P.2d 582, 583 (Colo. App. 1997) (“A final judgment includes, among other things, entry of a judgment of conviction and imposition of sentence. Following the entry of a final judgment, the court retains subject matter jurisdiction only over matters that may be raised pursuant to Crim. P. 35.”). ¶ 8 In Chavez, another division followed the reasoning in Wiedemer and concluded that the trial court lacked jurisdiction to consider the defendant’s motion for return of property after sentencing. Chavez, ¶¶ 12-13. The division stated that “once a 
4 valid sentence is imposed, apart from the limited claims described in Crim. P. 35, a criminal court has no further jurisdiction.” Id. at ¶ 13 (citation omitted). ¶ 9 Conversely, in Hargrave, another division concluded that a trial court may have ancillary jurisdiction to consider a motion for return of property after sentencing if a four-part test is met. 179 P.3d at 229-30. The test requires, among other things, that “the ancillary matter can be determined without a substantial new factfinding proceeding.” Id. ¶ 10 Amonette asks us to follow Hargrave and conclude that the trial court had ancillary jurisdiction to rule on his motion for return of property filed nearly seven years after sentencing. We agree with the reasoning in Chavez and Wiedemer and conclude that the district court did not have jurisdiction to consider Amonette’s motion. ¶ 11 First, Hargrave requires a court to engage in a multi-part test to determine its jurisdiction. We agree with Chavez that it is “cumbersome and anomalous to condition a court’s subject matter jurisdiction on multi-part factual inquiries.” Chavez, ¶ 13 n.4. Likewise, we agree that, because Colorado district courts are courts 
5 of general jurisdiction, “there is no need to borrow the federal court’s use of ancillary jurisdiction” as Hargrave did. Id. at ¶ 11 n.3. ¶ 12 But even assuming, without deciding, that we should follow Hargrave instead of Wiedemer and Chavez, we cannot say that the court erred in concluding that it lacked jurisdiction. ¶ 13 Unlike Hargrave, the prosecution here did not confess Amonette’s motion. See 179 P.3d at 230. Rather, the prosecution disputed whether the property was subject to return and asserted that substantial new factfinding would be required. And, given the age of the case, we are hard pressed to conclude that the parties had “mutually shared knowledge” of the pertinent circumstances of the case. Id. That is, because the case was seven years old, we cannot conclude — as the Hargrave division did — that ancillary proceedings would be “perfunctory,” “straightforward,” or “brief.” 179 P.3d at 230. ¶ 14 Finally, the supreme court’s recent decision in Strepka v. People, 2021 CO 58, doesn’t persuade us otherwise. Strepka answered “a different and much narrower question” than the one posed in Chavez, Wiedemer, and Hargrave — namely, “How does a 
6 person, whose property was unlawfully obtained by the government, get that property back after all the charges against him or her are dismissed?” Strepka, ¶ 17 (emphasis added). The supreme court’s jurisdictional analysis is directly tied to the time provided to appeal the merits of the case, holding that “trial courts retain jurisdiction to address motions for return of property under Crim. P. 41(e) so long as such motions are filed before the appeal deadline expires.” Id. at ¶ 26. Here, the deadline to appeal expired years before Amonette filed his motion seeking return of his property. ¶ 15 Accordingly, we affirm the district court’s determination that it lacked jurisdiction to consider Amonette’s motion. Notwithstanding our conclusion, Amonette isn’t without a remedy: he may file a civil action to seek the return of his property, although “we express no opinion regarding the elements, available defenses, or merits of any such claim.” Chavez, ¶ 14 n.5; see also People v. Rautenkranz, 641 P.2d 317, 318 (Colo. App. 1982). III. Conclusion ¶ 16 The order is affirmed. JUDGE FOX and JUDGE JOHNSON concur.